# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br>**Srinivasu (NMN) Vulichi**<br><br>SSN(s): <u>xxx-xx-1338</u><br>**1203 Sand Jack Drive**<br>**Corinth, TX  76208**<br><br><br>Debtor | CASE NO:  12-41363<br><br>Chapter 13 |

**You should read this Plan carefully and discuss it with your attorney.  Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

# CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1.  **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2.  **Plan Payments and Length of Plan.**  Debtor will pay the sum of ___**$3,100.00**___ per ___**month**___ to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the period of ___**60**___ months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time.  The term of this Plan shall not exceed sixty (60) months.  See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4).  Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

☐   Variable Plan Payments

| Beginning Month | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| 1 (06/22/2012) | 60 (05/22/2017) | $3,100.00 | $186,000.00 |
| | | Grand Total: | $186,000.00 |

3.  **Payment of Claims.** The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.  Allowed claims shall be paid to the holders thereof in accordance with the terms thereof.  From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified.  Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

4.  **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

(A). **Trustee's Fees.**  Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

(B). **Debtor's Attorney's Fees.**  The total attorney fee as of the date of filing of the petition is ___**$2,993.00**___ .  The amount of ___**$0.00**___ was paid prior to the filing of the case.  The balance of ___**$2,993.00**___ will be paid ☑ from first funds upon confirmation, or in the alternative ☐ from the remaining balance of funds available after specified monthly payments. The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

Case No:

Debtor(s):   **Srinivasu (NMN) Vulichi**

---

5.   **Priority Claims.**

(A).   **Domestic Support Obligations.**

☐   None.   If none, skip to Plan paragraph 5(B).

(i).   Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

(ii).   The name(s) and address(es) of the holder of any domestic support obligation are as follows.   See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

**Madhavi Vulichi
804 Maple Hill Drive
Woodbridge NJ  07095**

(iii).   Anticipated Domestic Support Obligation Arrearage Claims

(a).   Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2).   These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

☑   None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage<br>claim | (c)<br>Projected monthly arrearage<br>payment / Months |
|---|---|---|
| | | |

(b).   Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

☑   None; or

Claimant and proposed treatment:

| (a)<br>Claimant | (b)<br>Proposed Treatment |
|---|---|
| | |

(B).   **Other Priority Claims (e.g., tax claims).**   These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
| Internal Revenue Service | $161,350.29 |

*Pro-rata Month(s) 1-59*

6.   **Secured Claims.**

(A).   **Claims Secured by Personal Property Which Debtor Intends to Retain.**

(i).   <u>Pre-confirmation adequate protection payments.</u>   Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C).   If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection.   If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof.

---

Case No:
Debtor(s):  **Srinivasu (NMN) Vulichi**

---

Debtor shall make the following adequate protection payments:

☐  directly to the creditor; or

☐  to the Trustee pending confirmation of the plan.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Adequate protection<br>payment amount |
|---|---|---|
|  |  |  |

(ii).  **Post confirmation payments.**  Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b).  If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a).  **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing.  See § 1325(a)(5).  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e).  Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court.  Payments distributed by the Trustee are subject to the availability of funds.

☑  None; or

| (a)<br>Creditor; and<br>(b)<br>Collateral | (c)<br>Purchase<br>date | (d)<br>Estimated<br>Claim | (e)<br>Interest<br>rate | (f)<br>Monthly<br>payment /<br>Months |
|---|---|---|---|---|
|  |  |  |  |  |

(b).  **Claims to Which § 506 Valuation is Applicable.**  Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a).  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e).  The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim.  Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court.  Payments distributed by the Trustee are subject to the availability of funds.

☑  None; or

| (a)<br>Creditor; and<br>(b)<br>Collateral | (c)<br>Purchase<br>date | (d)<br>Replacement<br>value | (e)<br>Interest<br>rate | (f)<br>Monthly<br>payment /<br>Months |
|---|---|---|---|---|
|  |  |  |  |  |

(B).  **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due.  These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise.  Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.  Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

Case No:
Debtor(s):  **Srinivasu (NMN) Vulichi**

| (a)<br>Creditor; and<br>(b)<br>Property description | (c)<br>Estimated pre-petition<br>arrearage | (d)<br>Interest<br>rate | (e)<br>Projected monthly<br>arrearage payment /<br>Months |
|---|---|---|---|
| | | | |

**(C). Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a)<br>Creditor | (b)<br>Collateral to be surrendered |
|---|---|
| **Chase Manhattan** | **2004 Hyundai Sonata** |
| **City Ntl Bk Ocwen Loan Service** | **804 Maple Hill Drive, Woodbridge, NJ  07095** |
| **GMAC** | **804 Maple Hill Drive, Woodbridge, NJ  07095** |

**(D). Void Lien:** The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor's exempt property. Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

| Name of Creditor | Collateral Description | Estimated<br>Claim |
|---|---|---|
| | | |

7.   **Unsecured Claims.** Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is   **$141,732.98**   . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of   **$3,056.71**   . Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8.   **Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases are assumed, unless rejected herein. Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☑  None; or

| (a) Creditor; and<br>(b) Nature of lease or executory contract | (c)<br>Payment to be<br>paid directly by<br>Debtor | (d)<br>Payment to be<br>paid through<br>plan by<br>Trustee /<br>Months | (e)<br>Projected<br>arrearage monthly<br>payment through<br>plan (for<br>informational<br>purposes) /<br>Months |
|---|---|---|---|
| | | | |

9.   **Property of the Estate.** Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

Case No:
Debtor(s):  **Srinivasu (NMN) Vulichi**

---

10. **Post-petition claims.**   The DEBTOR(S) will not incur any post-petition consumer debt except upon written approval of the Court or the Standing Chapter 13 Trustee.  Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

11. **General Provisions.**  Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327.  Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions.  Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b).  Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12. **Other Provisions:**

    (A). **Special classes of unsecured claims.**

| Name of Unsecured Creditor | Remarks |
|---|---|
|  |  |

    (B). **Other direct payments to creditors.**

| Name of Creditor | Remarks |
|---|---|
|  |  |

    (C). **Additional provisions.**

**Pay Direct Taxes**
Unless otherwise specified in this Plan, all applicable City, County, ISD and/or CED tax(es) specifically including any ad valorem tax(es) for the calendar year in which this bankruptcy was filed that are not otherwise provided for in this plan shall be paid direct.  The Debtor will timely pay the 2012 taxes directly, unless otherwise specified in this Plan, or the automatic stay of § 362 will lift as to all taxes due on the Debtor's said property.

**Attorney Relieved and Released as Attorney of Record**
After the Trustee's Recommendation Regarding Claims process has been completed and approved by the Court, the Attorney for Debtor is hereby relieved and released as attorney of record for Debtor except for those documents necessary to be filed immediately prior to Debtor's Discharge.

**804 Maple Hill Drive, Woodbridge, NJ  07095**
The property located at 804 Maple Hill Drive, Woodbridge, NJ  07095 is surrendered to City Ntl Bk Ocwen Loan Service and GMAC in lieu of and in full satisfaction of all debt related to this property.

**2004 Hyundai Sonata**
The 2004 Hyundai Sonata is surrendered to Chase Manhattan in lieu of and in full satisfaction of all debt related to this property.

Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above.  The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated July 1, 2005.

Case No:
Debtor(s):  **Srinivasu (NMN) Vulichi**

Date: _____5/22/12_____

_____
Merv Waage, Debtor's Attorney

_____
Srinivasu (NMN) Vulichi, Debtor

_____

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument was

electronically mailed to the following:

    1.    Janna L. Countryman, Trustee
        P.O. Box 941166
        Plano, TX   75094-1166

I further certify that a true and correct copy of the foregoing

instrument was delivered by Regular First Class Mail on the _22nd_ day

of ____May____, 2012 to the following:

    1.    Internal Revenue Service
        PO Box 7346
        Philadelphia, PA   19101-7346

    2.    The Attorney General of the United States
        Department of Justice
        Tenth and Constitution Avenue
        Washington, DC   20530

    3.    The United States Attorney for the
        Eastern District of Texas
        110 North College Avenue
        Suite 700
        Tyler, TX   75702-0204

    4.    All creditors as shown on the attached mailing matrix

    5.    Srinivasu (NMN) Vulichi
        1203 Sand Jack Drive
        Corinth, TX   76208

_____
Merv Waage

Label Matrix for local noticing
0540-4
Case 12-41363
Eastern District of Texas
Sherman
Tue May 22 15:11:00 CDT 2012

Attorney General of the US
Department of Justice
Tenth & Constitution Avenues
Washington DC 20530-0001

Chase
PO Box 15298
Wilmington DE 19850-5298

City of Corinth Tax Collector
2003 South Corinth Street
Corinth TX 76210-3538

Denton ISD Tax Collector
c/o Denton County
PO Box 90204
Denton TX 76202-5204

Dsnb Macys
9111 Duke Boulevard
Mason OH 45040-8999

Hilco Receivables
Equable Ascent Financial LLC
Attention Bankruptcy
1120 Lake Cook Road Suite B
Buffalo Grove IL 60089-1970

Joseph OBell Attorney
Zwicker & Associates PC
321 North Main Street
Taylor TX 76574-3642

Middlesex Water Company
PO Box 96251
Washington DC 20090-6251

Patrick W Foley Attorney
71 Paterson Street
New Brunswick NJ 08901-2386

Asset Acceptance Llc
Attention Bankruptcy
PO Box 2036
Warren MI 48090-2036

Bank of America
Attention Bankruptcy
NC4 105 0299
PO Box 26012
Greensboro NC 27420-6012

Chase Manhattan
Attention Bankruptcy
Research Department
PO Box 24696
Columubus OH 43224-0696

Comcast
PO Box 69
Newark NJ 07101-0069

Discover Bank
PO Box 6103
Carol Stream IL 60197-6103

GE Money Bank FSB
c/o Portfolio Rc
Attention Bankruptcy
PO Box 41067
Norfolk VA 23541-1067

Hsbc Bank
Attention Bankruptcy
PO Box 5213
Carol Stream IL 60197-5213

Litton Loan Servicing
24 Greenway Plaza 712
Houston TX 77046-2401

PNC Bank
103 Bellevue Parkway
Wilmington DE 19809-3701

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Attorney General of Texas
Taxation Division Bkrpcy
Box 12548
Capitol Station
Austin TX 78711-2548

Chase
201 North Walnut Street
de 1 1027
Wilmington DE 19801-2920

City Ntl Bk Ocwen Loan Service
Attention Bankruptcy
1661 Worthington Road
Suite 100
West Palm Beach FL 33409-6493

Denton County Tax Collector
PO Box 90204
Denton TX 76202-5204

Discover Fin
Attention Bankruptcy Department
PO Box 3025
New Albany OH 43054-3025

GMAC
Attention Bankruptcy Department
1100 Virginia Drive
Fort Washington PA 19034-3204

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia PA 19101-7346

Madhavi Vulichi
804 Maple Hill Drive
Woodbridge NJ 07095-4109

PSE&G
PO Box 14444
New Brunswick NJ 08906-4444

Pressler and Pressler LLP
7 Entin Road
Parsippany NJ 07054-5020

Ralph Gulko Attorney
Pressler and Pressler LLP
7 Entin Road
Parsippany NJ   07054-5020

State Comptroller of
Public Accounts
Capitol Station
Austin TX 78774-0001

Texas Employment Commission
TEC Building
Tax Department
Austin TX 78778-0001


U.S. Attorney General
Department of Justice
Main Justice Building
10th & Constitution Ave., NW
Washington, DC 20530-0001

US Department of Labor
Wage and Hour Division
3131 Princton Pike
Building 5 Room 216
Lawrenceville NJ 08648-2201

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231


United States Attorneys Office
110 North College Avenue
Suite 700
Tyler TX  75702-0204

Verizon New Jersey Inc
PO Box 3397
Bloomington IL 61702-3397

Srinivasu (NMN) Vulichi
1203 Sand Jack Drive
Corinth, TX 76208-5457


Merv Bernard Waage
8350 South Stemmons
Hickory Creek, TX 75065-7590

Xterrasoft Inc
1203 Sand Jack Drive
Corinth TX 76208-5457

Zwicker & Associates PC
321 North Main Street
Taylor TX 76574-3642


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Portfolio Rc
Attention Bankruptcy
PO Box 41067
Norfolk VA  23541


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Indian Overseas Bank
3 6 272
N V K Towers
Himayathnager Branch
Hyderabad 500 29

End of Label Matrix
Mailable recipients   41
Bypassed recipients    1
Total                 42